THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILLIAM MAWSON, SR, :
:
      **Plaintiff** :
:                               FILED
v. : 3:21-CV-1443     SCRANTON
: (JUDGE MARIANI)
CRAIG S. LECADRE, et al., :                       APR 01 2022
:
      **Defendants** :                 PER _____
                                                                                  DEPUTY CLERK

## ORDER

AND NOW, THIS ___1st___ DAY OF APRIL, 2022, upon *de novo* review of Magistrate Judge Karoline Mehalchik's Report & Recommendation ("R&R") (Doc. 8), Plaintiff's Objections thereto (Doc. 9), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. 9) are **OVERRULED**.[1]

---

[1] Here, Plaintiff has sued Craig LeCadre, an employee of the Pennsylvania Office of the Attorney General, and Pennsylvania State Trooper Wareham. The Court agrees with Magistrate Judge Mehalchick's statement that "it is well established that private citizens do not have a judicially protected interest in the criminal prosecution of another." (Doc. 8, at 5) (internal quotation marks and citations omitted). Courts have consistently upheld this principal and rejected plaintiffs' attempts to claim constitutional violations of their rights as a result of the failure of police officers or prosecutors to investigate claims or initiate criminal charges. *See e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *McCann v. Borough of Magnolia*, 581 F. App'x 125, 126 (3d Cir. 2014) ("Relief may not be granted on McCann's claim that a police officer improperly denied his request to file a criminal complaint and failed to investigate his eviction."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation"); *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) ("... each of us has a legal interest in how *we* are treated by law enforcement – but not a legally cognizable interest in how *others* are treated by law enforcement. So people accused of a crime have an obvious interest in being treated fairly by prosecutors. And victims of crime have a strong interest in their own physical safety and protection. But victims do not have standing based on whether *other* people – including their perpetrators – are investigated or prosecuted. Every court to have addressed this question

2. The R&R (Doc. 8) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's "Motion to Make a Ruling" (Doc. 10) is **DISMISSED AS MOOT**.

4. Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED without leave to amend**.

*[signature]*
Robert D. Mariani
United States District Judge

---

prior to this case agrees that a crime victim may not challenge a prosecutor's failure to investigate or prosecute her perpetrator.") (emphasis in original).